UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                                          Case No. 05-12994-WRS
                                                                                               Chapter 11
CHRISTOPHER S. MILLER
MARY J. MILLER,

          Debtors

DANIEL BAILEY, JAMES
PAXTON, and KENNETH TODD,

          Plaintiffs                                                                          Adv. Pro. No. 08-1135-WRS

     v.

CHRISTOPHER SCOTT MILLER,
et al.,

          Defendants

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon Plaintiff's Motion to Remand. (Doc. 13). A hearing was held on March 10, 2009. For the reasons set forth below, the motion is GRANTED IN PART AND DENIED IN PART.

## I. Facts

On October 24, 2005, Christopher Miller and his wife Mary filed a petition in bankruptcy pursuant to Chapter 11 of the Bankruptcy Code, initiating Case No. 05-12994. On January 25, 2007, this Court confirmed the Debtor's Chapter 11 Plan. (Case No. 05-12994, Doc. 71–Plan, Doc. 85–Order). According to the Disclosure Statement, Miller owns and operates an insurance agency and does business as a financial consultant. Miller's Plan provides that he will continue

to operate his business to generate cash to fund his Plan. None of the Plaintiffs were listed as creditors in Miller's schedules, nor did they file proofs of claim. This Court's records do not indicate that any of the Plaintiffs took part, in any way, in the Miller's Chapter 11 bankruptcy proceeding.

On October 14, 2008, Plaintiffs Daniel Bailey, James Paxton and Kenneth Todd, III, (Plaintiffs) brought suit against Miller, Castle Consultants, LLC, Guardian Insurance and Annuity Company, Lee Harrison and North Florida Financial Corporation, in the Circuit Court for Houston County, Alabama, under Case No. CV-08-505.[1] Plaintiffs allege in their complaint that they were sold insurance products which were inappropriate for their needs, making claims for fraud, breach of fiduciary duty and negligence. Activities surrounding the sale of the insurance products in question were made on various dates between 1997 and April 21, 2005. It appears from the complaint that all of the alleged wrongful acts were done prior to the time Miller filed his joint petition in bankruptcy on October 24, 2005.

On December 10, 2008, Defendant Lee Harrison filed a notice of removal, causing the removal of the civil action from Houston County to this Court. On January 8, 2009, the Plaintiffs filed a motion to remand, alleging that the removal to this Court was improper. (Doc. 13). While Lee Harrison was the only party to the Notice of Removal, all of the Defendants have filed a joint brief opposing remand. (Doc. 19).

---

[1] For purposes of discussion here, the parties are placed in three groups. First, Daniel Bailey, James Paxton and Kenneth Todd, III, are the Plaintiffs in the civil action which is the subject of the instant motion. They will be referred to as "Plaintiffs." Second, Defendant Christopher S. Miller will be referred to as "Miller." Third, Defendants Castle Consultants, LLC, Guardian Insurance and Annuity Company, Lee Harrison and North Florida Financial Corporation will be referred to as the "nondebtor Defendants."

## II. Law

### A. Overview

The question presented here is whether this civil action should be remanded to the Circuit Court of Houston County, Alabama. The pertinent removal statute is 28 U.S.C. § 1452(a), which provides as follows:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim under section 1334 of this title.

Thus, the threshold question here is this Court has jurisdiction pursuant to 28 U.S.C. § 1334. The pertinent provisions of that section are as follows:

> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.
>
> (c)(1) Except with respect to a case under chapter 15 to title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
>   (2) Upon timely motion of a party in a proceed based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been

3

> commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum or appropriate jurisdiction.

If it is determined that this Court has jurisdiction, there is a second question. Whether this Court should exercise its jurisdiction or abstain from hearing this civil action, returning it to State Court. As these determinations are different for Miller than the remaining Defendants, the Court will divide its analysis into two parts.

### B. The Civil Action Against Christopher Miller

The Plaintiffs allege that they were sold insurance policies by Miller which were inappropriate for their needs. There are allegations of fraud and negligence. The acts which were alleged to have been done by Miller are all alleged to have been done prior to the date he filed his petition in bankruptcy. It would appear that the Plaintiffs' cause of action against Miller was a claim which was in existence as of the date of Miller's bankruptcy filing. It then follows that the civil action, insofar as it pertains to Miller, is stayed. See, 11 U.S.C. § 362(a)(1).[2]

---

[2] Section 362(a) of the Bankruptcy Code provides, in part, that:

> a petition filed under section 301 . . . of this title . . . operates as a stay . . . of–
>
> (1) the commencement . . . of a judicial . . . proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

4

Having determined that the Plaintiffs' action against Miller is stayed, it follows that it should not now be remanded to State Court. What should happen to the civil action against Miller is a question for another day. It may be that the Plaintiffs' claims are not discharged, and that they should be permitted to proceed.[3] On the other hand, Miller contends that the Plaintiffs were aware of his bankruptcy filing and that they should have filed a timely proof of claim in Bankruptcy Court. Having failed to do so, they are now barred. For today, the Court determines that the civil action against Miller is stayed and that it should not be remanded to State Court. Whether the Plaintiffs are barred from proceeding against Miller for acts done prior to the date he filed his petition in bankruptcy is a question for another day.

### C. The Claims Against the Nondebtor Defendants

The nondebtor Defendants contend that this Court has jurisdiction over this civil action. If the Plaintiffs' prevail, the Defendants other than Miller contend that they will have claims for indemnification and contribution against Miller. The existence, or potential existence, of these claims, they believe is sufficient to give this Court jurisdiction, pursuant to 28 U.S.C. § 1334, not only over the claims against Miller, but also over the Plaintiffs' claims against the nondebtor defendants.

---

[3] It should be noted that the scope of the discharge is not as broad as the scope of the automatic stay. In other words, a finding that the automatic stay is in effect is not dispositive of the question as to whether the liability is discharged. Moreover, it may be that relief should be granted from the automatic stay and that the civil action against Miller could be remanded to State Court in time for trial of the Plaintiffs' claims against the nondebtor Defendants. By way of this Memorandum Decision, this Court is granting the Plaintiffs' motion to remand as to the nondebtor Defendants. This does not mean that the Plaintiffs' claims against Miller are discharged.

5

The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivable have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or

6

>negatively) and which in any way impacts upon the
>handling and administration of the estate.

Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.,, 910 F.2d 784, 788 (11th Cir. 1990)(citing Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984)).

In the case at bar, the outcome of this civil action could have no conceivable impact on Miller bankruptcy case. The claims bar date passed on February 9, 2006. (Case No. 05-12994, Doc. 8). The Chapter 11 Plan was confirmed on January 25, 2007. To be sure, any creditor of Miller who holds a claim which is not barred by his bankruptcy proceeding could obtain judgment and execute on Miller's property, depriving him of the ability to fund his now confirmed Chapter 11 Plan. However, such an effect is not what the Eleventh Circuit had in Lemco Gypsum. Rather there must be a direct connection with the bankruptcy proceeding.

The existence of potential indemnification claims, even in a pending bankruptcy, is not necessarily enough to stave off a motion to remand. The United States District Court for the Middle District of Alabama handed down two decisions in 2002, where it held that such claims were not sufficient. Retirement Systems of Alabama v. Merril Lynch & Co., 209 F.Supp.2d 1257 (M.D. Ala. 2002); Retirement Systems of Alabama v. J.P. Morgan Chase & Co., 285 B.R. 519 (M.D. Ala. 2002). In Merrill Lynch, Retirement Systems brought suit claiming that Merrill Lynch and others failed to discover fraud on the part of Enron. Retirement Systems made claims under Alabama law, bringing suit in the Montgomery County Circuit Court. The District Court considered its subject matter jurisdiction "unclear." Given its doubts as to its subject matter jurisdiction, the District Court in Merrill Lynch exercised its discretion and abstained from hearing the suit pursuant to 28 U.S.C. § 1334(c)(1).

The difference between Miller's bankruptcy case, and the Enron case, besides its sheer

size and complexity, is that Miller has already confirmed a Chapter 11 Plan. Confirmation of a Chapter 11 Plan narrows considerably the universe of matters over which a bankruptcy court may take jurisdiction. Were it not so, bankruptcy proceedings would expand indefinitely, taking in ever greater swaths of potential claims and causes of action. Indeed, the point is to wean debtors off their dependence upon the bankruptcy courts and return them to their prebankruptcy state, where they handle their affairs like anyone else.

As the Plaintiffs' civil action can have no conceivable effect upon Miller's bankruptcy proceeding, this Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b). The Court will, nevertheless, consider whether it should abstain pursuant to 28 U.S.C § 1334(c)(2). The District Court in <u>Merrill Lynch</u> set forth twelve nonexclusive factors for consideration: (1) the effect, or lack thereof, on the efficient administration of the bankruptcy estates if the discretionary abstention exercised, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of related proceeding commenced in state court or other nonbankruptcy courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, and (12) the presence in the proceeding of non-debtor parties.

In the context of the case at bar, many of the factors set forth in <u>Merrill Lynch</u> overlap. There are three things that are pertinent to this Court's decision as to whether it should abstain. First, Miller's Chapter 11 Plan has been confirmed and as a result, proceedings in the civil action will have no impact on it. Second, the civil action involves solely State law causes of action. Third, the civil action has non-debtor parties. Even if this civil action were within the outer limits of this Court's subject matter jurisdiction, it would abstain for these reasons.

### III. CONCLUSION

The motion to remand this civil action to the Circuit Court for Houston County, Alabama is GRANTED IN PART AND DENIED IN PART. Insofar as the motion pertains to Defendant Christopher Miller, the motion is DENIED. Miller is a Debtor in a Chapter 11 case pending in this Court. The civil action is stayed as to Miller and for that reason alone, it would be inappropriate to remand. In addition, it has not yet been determined whether confirmation of Miller's Chapter 11 Plan bars the civil action. In the event that it is, the Plaintiffs may be permanently enjoined from proceeding against Miller. Insofar as the motion pertains to the nondebtor Defendants, it is GRANTED. The outcome of the civil action can have no conceivable effect upon Miller's bankruptcy proceeding and this Court does not have jurisdiction pursuant to 28 U.S.C. § 1334. In the alternative, even if this Court has jurisdiction, under the facts of this case, this Court would nevertheless abstain.

Done this 26th day of May, 2009.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Leah O. Taylor, Attorney for Plaintiffs
  E. Britton Monroe, Esq.
  Forrest S. Latta, Esq.
  Janine Louise Smith, Esq.

9

Case 08-01135   Doc 34   Filed 05/26/09   Entered 05/26/09 14:48:52   Desc Main
Document   Page 9 of 9